**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| KRISTINE R. REDNOUR, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.  1:13-CV-0320-SEB-DKL |
| | ) |
| WAYNE TOWNSHIP FIRE DEPT.; | ) |
| WAYNE TOWNSHIP, | ) |
| | ) |
| Defendants. | ) |

**ANSWER TO COMPLAINT**

For their Answer to the Complaint and Demand for Jury Trial ("Complaint"),

Defendants Wayne Township Fire Department (the "Fire Department") and Wayne

Township (the "Township"), by counsel, state the following.

1.     Per Complaint ¶ 1, Defendants do not dispute the Plaintiff brings this action and

makes allegations, nor do Defendants dispute that Plaintiff was employed by the

Fire Department.  Defendants deny any other allegations contained in Complaint

¶ 1.

2.     Defendants lack knowledge or information sufficient to form a belief regarding

the allegations in Complaint ¶ 2.

3.     Defendants admit the allegations in Complaint ¶ 3.

4.     Defendants admit the allegations in Complaint ¶ 4.

5.     Defendants admit the allegations in Complaint ¶ 5.

6.     Defendants admit the allegations in Complaint ¶ 6.

1

7.      Defendants admit that this Court has general subject matter jurisdiction over federal claims asserted under the Americans with Disability Act. Defendants deny any remaining allegations in Complaint ¶ 7.

8.      Defendants admit that this Court has general jurisdiction over federal claims asserted under the Americans with Disability Act. Defendants deny any remaining allegations in Complaint ¶ 8.

9.      Defendants deny that their were any discriminatory acts. Defendants admit that the alleged actions occurred within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

10.     Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Complaint ¶ 10.

11.     Defendants admit the allegations in Complaint ¶ 11.

12.     Defendants admit the allegations in Complaint ¶ 12.

13.     Defendants believe that venue is proper.  Defendants deny that any discriminatory acts were committed. Defendants admit that the alleged actions occurred within Marion County, Indiana. Defendants lack knowledge or information sufficient to form a belief regarding any other allegations in Complaint ¶ 13.

14.     Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Complaint ¶ 14.

15.     Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Complaint ¶ 15.

16.     Defendants deny the allegations in Complaint ¶ 16.

17.  Per Complaint ¶ 17, Defendants admit that the Wayne Township Trustee's Office is currently located at 5401 West Washington Street, Indianapolis, IN 46241.

18.  Defendants admit the allegations in Complaint ¶ 18.

19.  Per Complaint ¶ 19, Defendants admit that Ms. Rednour was employed by Defendant Wayne Township Fire Department between February 2009 and August 2011.

20.  Defendants admit the allegations in Complaint ¶ 20.

21.  Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Complaint ¶ 21.

22.  Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Complaint ¶ 22.

23.  Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Complaint ¶ 23.

24.  Defendants deny the allegations in Complaint ¶ 24.

25.  Defendants deny the allegations in Complaint ¶ 25.

26.  Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Complaint ¶ 26.

27.  Defendants deny the allegations in Complaint ¶ 27.

28.  Defendants deny the allegations in Complaint ¶ 28.

29.  Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Complaint ¶ 29.

30.  Defendants deny the allegations in Complaint ¶ 30.

31.    Defendants state that the Fire Department's Division Chief of Emergency Medical Services is Justin Sparks. Defendants admit that Chief Scott asked for permission to speak with Rednour's physician, Dr. Samuel Wentworth. Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations in Complaint ¶ 31.

32.    Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Complaint ¶ 32.

33.    Defendants deny the allegations in Complaint ¶ 33.

34.    Defendants deny the allegations in Complaint ¶ 34.

35.    Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Complaint ¶ 35.

36.    Defendants deny the allegations in Complaint ¶ 36.

37.    Defendants deny the allegations in Complaint ¶ 37.

38.    Defendants deny the allegations in Complaint ¶ 38.

39.    Defendants deny the allegations in Complaint ¶ 39.

40.    Defendants admit the allegations in Complaint ¶ 40.

41.    Defendants deny the allegations in Complaint ¶ 41.

42.    Defendants deny the allegations in Complaint ¶ 42 including subparts (a)-(e).

43.    Defendants deny the allegations in Complaint ¶ 43.

44.    Defendants admit the allegations in Complaint ¶ 44.

45.    Defendants admit the allegations in Complaint ¶ 45.

46.    Defendants admit the allegations in Complaint ¶ 46.

47.    Defendants deny the allegations in Complaint ¶ 47.

4

48.     Defendants deny the allegations in Complaint ¶ 48.

49.     Defendants deny the allegations in Complaint ¶ 49.

50.     Defendants deny the allegations in Complaint ¶ 50.

51.     Defendants deny the allegations in Complaint ¶ 51.

52.     Defendants lack knowledge or information sufficient to form a belief regarding

the allegations in Complaint ¶ 52.

53.     Defendants deny the allegations in Complaint ¶ 53.

54.     Defendants deny the allegations in Complaint ¶ 54.

55.     Defendants deny the allegations in Complaint ¶ 55.

56.     Per Complaint, Part IX, "Prayer for Relief," Defendants deny any allegations

contained in Part IX, including ¶ ¶ (a)-(j).  Defendants oppose all of Plaintiff's

requests for relief.


## AFFIRMATIVE DEFENSES

For their Affirmative Defenses, the Fire Department and the Township, by

counsel, state the following:

1.     Without relieving Plaintiff of her burden of proof, Defendants allege that any

adverse employment action attributable to Defendants and against Plaintiff was

made for legitimate, nondiscriminatory reasons.

2.     Per their status as municipal and/or state entities, Defendants are immune from

any award of punitive damages.

3.     Plaintiff has failed, in whole or in part, to mitigate the alleged damages.

4.     Plaintiff's claims are barred to the extent that Plaintiff has failed to exhaust required administrative remedies and/or has failed to comply with the procedural prerequisites to filing suit, and/or because all conditions precedent to the filing of this action have not  been met.

5.     Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

6.     Defendants state, pursuant to the direct threat defense, that accommodating Plaintiff would have created a significant risk of substantial harm to Plaintiff, her co-workers, and the public.

7.     Plaintiff is not a qualified individual with a disability as defined by the ADA.

8.     Plaintiff has not requested a reasonable accommodation under the ADA because the relief she seeks is unmanageable, burdensome, and would impose an undue hardship or burden on Defendants.

9.     Defendants reserve the right to amend and add additional affirmative defenses.


Wherefore, the Wayne Township Fire Department and Wayne Township, by counsel, pray that Plaintiff takes nothing by way of her Complaint, that judgment be entered for the Defendants, and for all other just and proper relief in the premises.

Respectfully submitted,

FERGUSON & FERGUSON


/s/ Christine L. Zook
Christine L. Zook, Atty. No. 29779-53
Attorneys for Defendants

6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 18th day of April, 2013, the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Courtney E. Campbell
BETZ & BLEVINS
litigation@betzadvocates.com

Kevin W. Betz
BETZ & BLEVINS
litigation@betzadvocates.com

Sandra Blevins
BETZ & BLEVINS
litigation@betzadvocates.com


/s/ Christine L. Zook
Christine L. Zook


FERGUSON & FERGUSON
403 East Sixth Street
Bloomington, IN  47408
(812) 332-2113
(812) 334-3892 (fax)
clz@ferglaw.com