# UNITED STATES DISTRICT COURT
## for the SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

| | |
|---|---|
| **KRISTINE R. REDNOUR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| *vs.* | )   **CAUSE NO.  1:13-cv-320-SEB-DKL** |
| | ) |
| **WAYNE TOWNSHIP and WAYNE** | ) |
| **TOWNSHIP FIRE DEPARTMENT,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

### Defendants' *Motion To Impose Sanctions  Pursuant to Rule 37(c)(1)*  [doc. 55]

Defendants ask that sanctions be imposed on Plaintiff and that discovery be reopened because Plaintiff failed to identify, before the close of liability discovery, a physician with whom she consulted and from whom she received treatment relating to her medical condition.  Plaintiff contends that she had no obligation to disclose the physician and Defendants are at fault for failing to discovery the physician's identity.

### Background

In April 2013, Defendants served on Plaintiff their interrogatory no. 12 which asked Plaintiff to identify "all physicians or medical providers who you have consulted with or who have provided treatment for you relating to your diabetes in the last 10 years." *Plaintiff's Answers to Defendant's First Set of Interrogatories to Plaintiff* [doc. 56-1] ("*Interrogatories*") at 2; *Defendants' Brief* [doc. 56] at 5-6.

By letter dated August 1, 2013, Plaintiff served on Defendants her itemized statement of damages and settlement demand. *August 1, 2013 Letter* [doc. 64-1] at 1-7. It included the following statement:

> Ms. Rednour meets the suggested standards of both the NFPA as well as the American College of Occupational and Environmental Medicine. If Wayne Township had worked more extensively with Dr. Wentworth, Wayne Township would have discovered that these alleged hypoglycemic occasions were isolated incidents that were actually caused by a hormonal imbalance that has since been completely corrected. In fact, aside from these two alleged incidents, Ms. Rednour has not experienced any serious diabetic episodes in the last three (3) years.

*Id.* at 5.

On August 20, 2013, Plaintiff responded to Defendants' interrogatory no. 12 with only the name of Dr. Samuel Wentworth, an endocrinologist who had treated Plaintiff's diabetes for over twenty years. *Interrogatories* at 3; *Defendants' Brief* at 5-6.

Plaintiff gave the following testimony at her January 17, 2014 deposition:

Q  Who is your doctor?

A  Dr. Samuel Wentworth.

\*          \*          \*

Q  Did you see any other health care professionals after June 22, 2011, related to the incident that had happened?

A  No, ma'am. Just Dr. Wentworth when my next three-month visit came up.

*Plaintiff's Deposition* [doc. 56-2] at 99-100 and 103-04 (transcript pagination).

Q  Do you know why your blood sugar got low on that January day [January 26, 2011]?

A   I do not.

*Plaintiff's Deposition* [doc. 72-1] at 114 (transcript pagination).

Q   After June 22, 2011, did you think that you needed an accommodation?

A   I did not.  I thought that my — fixing my pump was what I needed.

*Id.* at 106-07.

The deadline for completing discovery relating to liability issues was January 26, 2014.

*Order* [doc. 33].

Plaintiff alleges that, during conversations at the end of May 2014, Defendants'

counsel acknowledged to Plaintiff's counsel that she was aware of Plaintiff's asserted

hormonal issues from her August 1, 2013 settlement and demand letter.  (*Plaintiff's Response*

*in Opposition to Defendants' Motion to Impose Sanctions* [doc. 64] ("*Sanctions Response*"),

Exhibit B [doc. 64-2].)  Defendants do not dispute Plaintiff's account.

In her May 22, 2014 response to Defendants' motion for summary judgment,

Plaintiff asserted the following:

> In 2010, Rednour noticed that she was beginning to have
> unpredictable fluctuations in her blood sugar during her menstrual cycles.
> Knowing from her experience during her pregnancies that her blood sugars
> became unpredictable when her hormones were in flux, Rednour suspected
> she was pre-menopausal.  She began over-the-counter remedies with the
> guidance of her gynecologist, Dr. James Brillhart, to ameliorate the effects of
> the hormone fluctuations and became even more vigilant of her diabetes.
> During 2011, however, these fluctuations worsened, and she believes they
> contributed to the January and June 2011 incidents.  After her termination,
> Wentworth and Rednour adjusted her basal insulin dose, and Rednour began
> hormone replacement therapy.  These adjustments corrected the

unpredictable fluctuations in her hormones and her blood sugar, and she has had no significant issues of low blood sugar since July 2011.

(*Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment* [doc. 53] ("*S. Jmt. Response*") at 12 (citations omitted). In another section of her *S. Jmt. Response*, Plaintiff clarifies that it was Dr. Brillhart who prescribed the hormone replacement therapy after her termination and that that therapy, together with Dr. Wentworth's insulin adjustment, "solved the issue." *Id.* at 4.

In her declaration in support of her summary-judgment response, Plaintiff more concretely states that her unpredictable menstrual cycles were "causing" more severe and unpredictable lows in her blood sugar (not simply that they were occurring at the same time), *Plaintiff's Declaration* [doc. 54-22] ¶ 16; that she "believed" (not suspected) that her hormones were fluctuating because she was pre-menopausal, *id.* ¶ 17; that the January and June 2011 hypoglycemic events were "caused" by her hormonal fluctuations (not that the fluctuations contributed to the events), *id.* ¶ 18; and that, since Dr. Wentworth's insulin adjustment and Dr. Brillhart's hormone replacement therapy, she has not experienced a significant issue with low blood sugar "while at work" (her *S. Jmt. Response* assertion did not include the quoted qualifier), *id.* ¶ 20.

Plaintiff has not identified or listed Dr. Brillhart as a fact or expert witness in this case and she did not identify him in her initial disclosures under Fed. R. Civ. P. 26(a).

## Arguments

Plaintiff does not dispute that she did not disclose her consultations with or treatments by Dr. Brillhart until her summary-judgment response.

Defendants argue that she was obligated to make those disclosures in her initial disclosures under Rule 26(a), in response to their interrogatory no. 12, in response to the above-quoted questions during her deposition, and pursuant to her Rule 26(e) duty to supplement or correct discovery responses.  They argue that her failures to do so, until after the close of discovery, warrant the imposition of sanctions under Rule 37(c). Specifically, they want **(1)** discovery reopened to permit them to depose Dr. Brillhart, obtain Dr. Brillhart's medical records directly from him,[1] and reconvene Dr. Wentworth's and Plaintiff's depositions, if necessary; **(2)** leave to supplement their summary-judgment reply if the new discovery warrants; **(3)** payment by Plaintiff, or her counsel, of the costs, expenses, and fees caused by Plaintiff's failure to disclose, including the costs and fees of the present motion and the additional discovery.

Plaintiff counters that, **(1)** because she does not intend to call Dr. Brillhart as a witness or use any evidence supplied by him in this case, she was not required to identify him in her initial disclosures under Rule 26(a); **(2)** because she never consulted or obtained treatment from Dr. Brillhart for diabetes care, his identity was not responsive to

---

[1] Plaintiff has provided Defendants with copies of Dr. Brillhart's medical records, but Defendants want Plaintiff to provide a release that will permit them to obtain the records directly from Dr. Brillhart.

Defendants' interrogatory no. 12 or their deposition questions; and **(3)** because Defendants failed to follow-up on her *August 1, 2013 Letter* advising that her hypoglycemic events were caused by a hormonal imbalance, it is Defendants' own negligence, not her failure to disclose, that is responsible for their failure to discover Dr. Brillhart's identity.

### Standards

Rule 26(a)(1)(A)(i) and (ii) of the *Federal Rules of Civil Procedure* require parties to identify "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment" and to produce "all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment . . . ."

Rule 26(e) provides that a party who has made an initial disclosure under Rule 26(a) or who has responded to an interrogatory, request for production, or request for admission under Rules 33, 34, or 36, "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ."

Rule 37(c) authorizes the imposition of sanctions "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e)." In addition to

prohibiting the offending party from "us[ing] that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless," Fed. R. Civ. P. 37(a)(1), the rule authorizes the imposition of other sanctions "[i]n addition to or instead of this sanction:

> the court, on motion and after giving an opportunity to be heard:
>
> **(A)**   may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> **(B)**   may inform the jury of the party's failure; and
>
> **(C)**   may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i) – (vi).

Fed. R. Civ. P. 37(c)(1).


## Discussion

**Rule 26(a)(1)(A)(i).** This clause is more than a requirement that the parties exchange witness lists.  The key criterion for disclosure is the "information" that a party might "use" on a motion, at a hearing, or at trial.[2]  If a party might use information to support a claim or defense, then it must identify each individual who is "likely to have" that information. Thus, Plaintiff's intention not to call Dr. Brillhart or rely on him as a witness is not dispositive of whether she was required to identify him in her initial disclosures.  If a plaintiff intends to use her own or another's testimony to introduce information that they have and for which they are competent witnesses, and a third individual happens to have

---

[2] Fed. R. Civ. P. 26, Advisory Committee Notes, 2000 Amendment, Subdivision (a)(1) ("'Use' includes any use at a pretrial conference, to support a motion, or at trial.  *  *  *  The obligation to disclose information the party may use connects directly to the exclusion sanction of Rule 37(c)(1)").

the same information, then, arguably, clause (i) does not require Plaintiff to identify the third individual.  However, if a plaintiff uses her own or another's testimony to introduce information that they don't have and to which only an undisclosed third individual is competent to testify, then the plaintiff has violated clause (i).

In her summary-judgment response, Plaintiff has used the information **(1)** that she consulted with Dr. Brillhart, her gynecologist, about her suspicions that her hormones were unpredictably fluctuating due to her being pre-menopausal, **(2)** that she suspected that her hormonal fluctuations were causing unpredictable fluctuations in her blood sugar levels; **(3)** that her hormones were, in fact, fluctuating and she was, in fact, pre-menopausal; **(4)** that her 2011 hypoglycemic events were, in fact, caused by her hormonal and blood-sugar fluctuations; **(5)** that she obtained, at first, over-the-counter medications from him and, later, hormone replacement therapy; and **(6)** that this therapy, together with an insulin adjustment, solved the problem of her fluctuations and she has not had another hypoglycemic event since.  She introduces this information by way of her own declaration and testimony, and by the testimony of Dr. Wentworth, her endocrinologist, who treated her diabetes and adjusted her insulin dose.  Plaintiff uses this information apparently to support her assertion that the interactive process and a reasonable accommodation would have allowed her to perform the essential functions of her job,[3] both of which are critical

---

[3] Plaintiff might also intend this information to show that she was compliant with her medications and diligent in following her doctor's recommendations.  See, *e.g.*, *S. Jmt. Response* at 11 (statement made in reference to Dr. Wentworth), 12 (Plaintiff became more vigilant of her diabetes after seeing Dr. Brillhart).

issues in this case.  (*S. Jmt. Response* at 4, 22, 29.)

The facts of Plaintiff seeking out and consulting with Dr. Brillhart about her suspected hormonal and resulting blood-sugars fluctuations, receiving hormone treatments from him, her suspicions that increased hormonal fluctuations contributed to the 2011 hypoglycemic events, and her lack of experiencing further hypoglycemic events after Dr. Brillhart's and Dr. Wentworth's post-termination treatments are within Plaintiff's personal knowledge, *i.e.*, she "has" that information.  However, it is not apparent that other parts of her testimony are within her or Dr. Wentworth's personal knowledge.  For example, the facts that her hormones were, in fact, fluctuating; that she, in fact, was pre-menopausal, that her pre-menopausal hormonal fluctuations caused her blood-sugar fluctuations which caused her hypoglycemic events; and that the resolution of these fluctuations and events were caused, at least in part, by Dr. Brillhart's prescribed hormone replacement therapy would not be within Plaintiff's personal knowledge because she is not a physician.  In addition, Plaintiff has not shown that this information is possessed by Dr. Wentworth, who is an endocrinologist, not a gynecologist.  Dr. Wentworth may have relied on Dr. Brillhart's findings and opinions in determining his own treatments and opinions, but they are Dr. Brillhart's findings and conclusions, not Dr. Wentworth's.

While it is a close question, the Court concludes that Plaintiff used information in her summary-judgment response that only Dr. Brillhart has without identifying him in her initial disclosures, as required by Rule 26(a)(1)(A)(i).

**Interrogatory no. 12.**  Plaintiff misinterprets interrogatory no. 12.  It does not ask only for physicians who treated her "for diabetes" but for any physician with whom she consulted or from whom she received treatment "relating to" her diabetes. Plaintiff herself asserts that her 2010 blood-sugar fluctuations and her 2011 hypoglycemic events were caused by her hormonal fluctuations or imbalances that were caused by her being pre-menopausal and that she sought and received treatments from Dr. Brillhart to resolve those issues and that his treatments did resolve her fluctuations and hypoglycemic events.  When her fluctuating blood-sugar levels led her to suspect that she was having hormonal fluctuations possibly due to being pre-menopausal, she consulted with her gynecologist and received treatments to resolve those issues.  When her hormonal and resulting blood-sugar fluctuations intensified in 2011, they caused her hypoglycemic events.  She then began hormone replacement therapy with Dr. Brillhart and it, along with Dr. Wentworth's insulin adjustment, "corrected the unpredictable fluctuations in her hormones and blood sugar" which caused her to have no further significant issues with blood sugar since July 2011.  Plaintiff's seeking out Dr. Brillhart in 2010 and receiving hormone treatments from him were prompted by and with the purpose of correcting or resolving her hormonal and blood-sugar fluctuations and resulting hypoglycemic events.  As such, Dr. Brillhart's consultations and treatments were clearly "relating to" her diabetes and Plaintiff was required to identify Dr. Brillhart in response to Defendants' interrogatory no. 12.

**Plaintiff's deposition.**  Because Dr. Brillhart was clearly one of Plaintiff's doctors,

10

from whom she was receiving treatments during the relevant periods, she should have identified him in response to the question "Who is your doctor?" *Plaintiff's Deposition* [doc. 56-2] at 99-100.  And, because she asserts that she began hormone replacement therapy with Dr. Brillhart after her hormonal and blood-sugar fluctuations worsened in 2011, culminating in her January and June 2011 hypoglycemic events, and that the therapy resolved the fluctuations and events, she should have identified Dr. Brillhart when asked if she saw any other health-care professionals after the June event "related to the incident that had happened" if she did, in fact, see Dr. Brillhart after the June 2011 event.  *Id.* at 103-04.

**Rule 26(e).**  Because Plaintiff was required to identify Dr. Brillhart in her initial disclosures and in response to Defendants's interrogatory no. 12, she also had a duty to supplement or correct her incomplete disclosures and responses under Rule 26(e).  Because Rule 26(e)'s duty of correction and supplementation does not apply to non-expert depositions, Plaintiff was not required to correct or supplement her incorrect or incomplete deposition testimony.  Fed. R. Civ. P. 26, Advisory Committee Notes, 1993 Amendments, Subdivision (e); *First Internet Bank of Indiana v. Lawyers Title Ins. Co.*, No. 1:07-cv-869-DFH-DML, *Entry on Motions for Summary Judgment*, 2009 WL 2092782 *5 n. 5 (S.D. Ind., July 13, 2009).

**Sanctions.**  Plaintiff's failure to comply with Rule 26(a) and (e) is sanctionable under Rule 37(c)(1).  However, no authorization has been shown to sanction Plaintiff's incomplete

and/or false answers during her deposition.

Plaintiff argues that Defendants are at fault for not discovering Dr. Brillhart's identity because, despite her *August 1, 2013 Letter* that advised Defendants that her 2011 hypoglycemic events "were actually caused by a hormonal imbalance that has since been completely corrected," Defendants did not pursue discovery from Dr. Wentworth or Plaintiff about her hormonal balance, which likely would have elicited Dr. Brillhart's identification.  Plaintiff's point is not explicit but, presumably, it is that any failure on her part to identify Dr. Brillhart was harmless and, therefore, not sanctionable under Rule 37(c)(1), and/or that any sanctions should be minimal based on a principle of comparative fault.  However, harmlessness is a defense to Rule 37(c)(1)'s exclusionary sanctions and Defendants have not requested that any information or witness be excluded.

Defendants want the Court to reopen discovery in order to permit them to depose Dr. Brillhart and, if necessary, Dr. Wentworth and Plaintiff.  They also want Plaintiff to provide a release that will permit them to obtain Dr. Brillhart's records directly from him.  They want Plaintiff or her counsel to pay the expenses and fees caused by Plaintiff's failures, including payment for the additional discovery.  Finally, they request leave to supplement their summary-judgment reply if the new discovery warrants.

Defendants' request to reopen discovery is better construed as a request to modify the case-management discovery deadline under Rule 16(b)(4), rather than as a sanction

under Rule 37(c). Good cause has been shown to permit Defendants to depose Dr. Brillhart and to obtain his medical records directly and leave to do so is granted. However, good cause has not been shown at this time to reconvene the depositions of Dr. Wentworth or Plaintiff. If Defendants believe that Dr. Brillhart's testimony and his medical records justify reconvening those depositions, then they may so move later.

Imposing on Plaintiff the costs and fees incurred by Defendants due to her failure to disclose Dr. Brillhart is an appropriate sanction under Rule 37(c). However, because it is reasonable to assume that Defendants would have deposed Dr. Brillhart had Plaintiff properly disclosed him, the Court will not impose on Plaintiff the expenses and fees relating to Defendants' deposition of him. Likewise, the Court does not impose on Plaintiff any expenses or fees incurred by Defendants in obtaining Dr. Brillhart's medical records.

The Court finds that Defendants are entitled to the expenses and a reasonable fee relating to their litigation of the present motion. However, presentation of a bill of costs and fees and related briefing are held in abeyance until the conclusion of this case.

Defendants may move for leave to supplement their summary-judgment reply after Dr. Brillhart's deposition.

## Conclusion and Orders

For the reasons explained above, Defendants' *Motion To Impose Sanctions Pursuant to Rule 37(c)(1)* is **GRANTED in part** and **DENIED in part**. The Court orders the

13

following:

    **1.**  The liability-discovery deadline is modified to permit Defendants to depose Dr. Brillhart.  His deposition shall occur no later than **August 30, 2014**.

    **2.**  Plaintiff is ordered to promptly provide a release to Defendants that authorizes Dr. Brillhart to produce his medical records relating to Plaintiff directly to Defendants. Plaintiff is ordered to cooperate with Defendants in promptly obtaining her records from Dr. Brillhart.

    **3.**  Plaintiff shall pay the expenses and a reasonable attorney's fees incurred by Defendants in litigating the present motion.  Presentation of a bill of costs and fees and related briefing is held in abeyance until the completion of this case.

    **4.**  Consideration of Defendants' motion for summary judgment is **STAYED** until **September 15, 2014**, at which time Defendants may move for leave to file a surreply based on Dr. Brillhart's deposition and medical records.

    Based on the additional discovery ordered herein and the stay of Defendants' motion for summary judgment, this magistrate judge will be recommending to the district judge that the dates for the final pretrial conference and trial be continued.

    **SO ORDERED this date:** 07/11/2014

_Denise K. LaRue_
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.