UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KRISTINE R. REDNOUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:13-cv-00320-SEB-DKL |
| | ) | |
| WAYNE TOWNSHIP, | ) | |
| *et al.* | ) | |
| Defendants. | ) | |

### Verdict

**1) Was Ms. Rednour's diabetes a disability? Answer Yes or No:** ___yes___ 7-31-15

*If you answered "Yes," proceed to Question 2; if you answered "No," you have found for Wayne Township. Have the presiding juror sign and date the verdict form below.*

**2) Was Ms. Rednour qualified to perform her job as a paramedic, either with or without a reasonable accommodation?**
**Answer Yes or No:** ___yes___ 7-31-15

*If you answered "Yes," proceed to Question 3; if you answered "No," you have found for Wayne Township. Have the presiding juror sign and date the verdict form below.*

**3) If you answered Question 1 "Yes," was Wayne Township aware of Ms. Rednour's disability? Answer Yes or No:** ___yes___ 7-31-15

*If you answered "Yes," proceed to Question 4; if you answered "No," skip to Question 7.*

**4) Was the need for an accommodation of Ms. Rednour's disability so apparent in June and July of 2011 that Wayne Township was or should have been aware of it?**
**Answer Yes or No:** ___yes___ 7-31-15

*If you answered "Yes," proceed to Question 5; if you answered "No," skip to Question 7.*

**5) Regarding reasonable accommodation, would providing such to Ms. Rednour have imposed an undue hardship on Wayne Township's business? Answer Yes or No:** __NO__ 7-31-15

*If you answered "Yes," skip to Question 7; if you answered "No," proceed to Question 6.*

**6) Regarding reasonable accommodation, would providing such to Ms. Rednour have created a significant risk of substantial harm to Ms. Rednour and/or others that could not have been eliminated or reduced by a reasonable accommodation?
Answer Yes or No:** __NO__ 7-31-15

*If you answered "Yes," proceed to Question 7; if you answered "No," skip to Question 10.*

**7) Was Ms. Rednour's diabetes a motivating factor in Wayne Township's decision to terminate her? Answer Yes or No:** _____

*If you answered "Yes," proceed to Question 8; if you answered "No," you have found for Wayne Township. Have the presiding juror sign and date the verdict form below.*

**8) If Ms. Rednour's diabetes was a motivating factor in Wayne Township's decision to terminate her, has Wayne Township shown that it would have terminated her even if she did not have diabetes? Answer Yes or No:** _____

*If you answered "Yes," you have found for Wayne Township. Have the presiding juror sign and date the verdict form below. If you answered "No," proceed to Question 9.*

**9) Regarding Ms. Rednour's retention as an employee, would such retention have created a significant risk of substantial harm to Ms. Rednour and/or others that could not have been eliminated or reduced by a reasonable accommodation? Answer Yes or No:** _____

*If you answered "Yes," you have found for Wayne Township. Have the presiding juror sign and date the verdict form below. If you answered "No," proceed to Question 10.*

**10) Did Ms. Rednour suffer a net loss of wages and benefits as a result of the discrimination she experienced? Answer Yes or No:** yes  7-31-15


*If you answered "Yes," proceed to Question 11; if you answered "No," skip to Question 12.*


**11) What amount of net wages and benefits would compensate Ms. Rednour for her losses? Answer: $** 123,500.  7-31-15


*Proceed to Question 12.*


**12) Did Ms. Rednour suffer emotional damages as a result of the discrimination she experienced? Answer Yes or No:** yes  7-31-15


*If you answered "Yes," proceed to Question 13; if you answered "No," your verdict is complete. Have the presiding juror sign and date the verdict form below.*


**13) What amount will fairly compensate Ms. Rednour for the emotional damages she suffered as a result of the discrimination she experienced? Answer: $** 100,000  7-31-15


*Your verdict is now complete. Please sign the verdict form on the line provided below and contact the bailiff.*


                                                                                                    7-31-15
Presiding Juror                                                                       Date